# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FARM CREDIT OF NORTHWEST FLORIDA, ACA | : CIVIL ACTION |
| v. | : |
| ROBERT A. DILSHEIMER, et al | : NO. 10-4515 |

## MEMORANDUM OPINION

Savage, J.                                                               March 1, 2011

In this action brought against the guarantors of a loan made in Florida and secured by property later sold in a foreclosure sale there, we are asked to consider whether the Pennsylvania Deficiency Judgment Act, 42 PA. CONS.STAT. § 1803 (2010) ("DJA"), applies for purposes of determining the amount of any deficiency. We conclude that it does not.

Farm Credit of Northwest Florida, ACA ("Farm Credit") made a $1.5 million business loan to a Florida limited liability company. The loan was secured by a mortgage on Florida real estate and guaranteed by the defendants Robert A. Dilsheimer and Robert H. Dilsheimer ("defendants" or "Dilsheimers"), Pennsylvania residents. After the borrower defaulted on the loan, Farm Credit obtained a foreclosure judgment in the Florida state court. The Dilsheimers were dismissed from that action for lack of personal jurisdiction. Pursuant to the judgment, the mortgaged property was sold to Farm Credit for $100. Farm Credit then instituted this action against the Dilsheimers, the guarantors of the loan, to recover the balance due under the note, after deducting $424,000, which it determined was the fair market value of the real property.

The guarantors do not dispute that they guaranteed the loan, the borrower defaulted

on the loan, the mortgaged property was sold, or that they made no payments under the guarantee. They dispute the balance due after the foreclosure sale, contending that the fair market value of the property "far exceeded" $424,000.

In their answer to the complaint, the guarantors listed 18 affirmative defenses, many of which were boilerplate assertions having no possible application to this case. The parties have filed cross-motions for judgment on the pleadings. They dispute whether the DJA applies to prevent Farm Credit from moving forward with this action without having obtained a deficiency judgment in Florida. Farm Credit also moves to strike certain affirmative defenses.

We shall first address the two defenses implicating the DJA and then consider those that do not have any relevance to this action. In the seventeenth and eighteenth affirmative defenses, the defendants implicate the DJA. They assert that because Farm Credit did not comply with the DJA, it cannot recover in this Pennsylvania action.

Both parties assume that the issue presents a choice of law analysis. It does not. There is no conflict of law. As we shall see, the DJA does not apply. Thus, there is no need to determine whether it conflicts with Florida law.

The DJA was enacted to curtail a practice that allowed the judgment creditor to recover more than the amount of the debt. It was intended to protect debtors from creditors purchasing properties at a foreclosure sale below market price and later collecting the balance of the debt from the borrower, without giving credit for the fair market value of the foreclosed property. *First Federal Savings and Loan Ass'n of Carnegie v. Keisling*, 746 A.2d 1150, 1155 (Pa. Super. Ct. 2000).

The DJA establishes a procedure for determining the amount of a deficiency

2

judgment by appraising the property and deducting its fair market value from the underlying debt. *Id.* It provides that where foreclosed real property is sold to a judgment creditor at an execution proceeding at a price that does not satisfy the borrower's debt in full, the judgment creditor must petition the court in which the judgment was entered to fix the fair market value of the property for purposes of determining the deficiency. 42 PA. CONS. STAT. § 8103(a). If the debtor fails to answer the judgment creditor's petition, the property's fair market value is the value claimed in the petition. § 8103(c)(1). On the other hand, if the debtor disputes the value claimed by the judgment creditor, the court must determine the fair market value after a hearing. § 8103(c)(2). Once the court determines the fair market value of the property, it is deducted from the outstanding debt and the judgment creditor may then seek to recover any outstanding balance against the debtor. § 8103(c)(5).

If the judgment creditor fails to follow the procedure set forth in § 8103(c) within six months after the foreclosure sale, the debtor may petition the court for a declaration that the judgment is fully satisfied. § 8103(d). Failure to petition the court for an order fixing the fair market value creates "an irrebuttable presumption that the creditor was paid in full." *Citicorp Mortg., Inc. v. Morrisville Hampton Village Realty Ltd. P'ship*, 690 A.2d 723, 727 (Pa. Super. Ct. 1997). The protections and procedures set forth in the DJA may not be waived. § 8103(e).

Pertinent to this case, the DJA specifically excludes property outside Pennsylvania from its protections. The statute unequivocally provides that "[t]his section shall not apply to the sale of any real property located outside this Commonwealth." § 8103(f.2)(2).

The defendants claim that this provision applies only to subparagraph (f). They

3

contend that subparagraph (f.2) applies only to the special allocations subsection of the DJA; or, in other words, "this section" means paragraph (f), which is actually a subsection.

A plain reading of the statute does not support the defendants' argument. Indeed, the law is to the contrary. In interpreting a Pennsylvania statute, "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 PA. CONS. STAT. § 1921(a). Words are given their plain meaning unless ambiguous. § 1921(b).

When it consolidated its statutes, the Pennsylvania Legislature utilized a framework organized by carefully delineated subdivisions. § 301. The Pennsylvania statutes "consist[] of titles subdivided into parts, articles, [and] chapters." § 301(a). Parts and other subdivisions of Titles are further subdivided into "chapters, comprising the sections relating to the part or title." § 301(b). Finally, "section[s] of this act [are] subdivided into subsections, paragraphs, [and] subparagraphs." § 301(c). Thus, where the Legislature uses the terms "section" and "subsection," those terms have particular statutory meanings intended by the Legislature to designate a particular subdivision of the Act.

Where the DJA uses "this section," it refers to 42 PA. CONS. STAT. § 8103 in its entirety. Where the DJA intends a provision to apply more discreetly, it employs the terms "subsection" or "paragraph." For instance, paragraph (g) provides definitions for various terms used in the DJA. It reads, "[a]s used in this section, the following words and phrases shall have the meanings given to them in this subsection." § 8103(g). Likewise, paragraph (c)(5) reads, "except as otherwise provided in subsection (f)," § 8103(c)(5), whereas paragraph (e) prevents the waiver of the "benefits of this section." § 8103(e).

This statutory construction was recognized in *United Carolina Bank v. Martocci*, 610

A.2d 484 (Pa. Super. Ct. 1992). In that case, the Pennsylvania Superior Court held that Pennsylvania courts lack subject matter jurisdiction to hear deficiency actions involving property located outside of Pennsylvania. *Id.* at 485. In *Martocci*, the appellees were residents of Pennsylvania who secured a loan from the appellant bank by a mortgage on property in North Carolina. After the borrowers defaulted on the mortgage note and the mortgaged property was sold at a public sale to the bank, a deficiency remained. To recover the outstanding debt, the bank initiated a deficiency proceeding in Pennsylvania state court asking the court to fix the fair market value of the North Carolina property. The bank argued that because the borrowers were residents of Pennsylvania, the deficiency action was properly brought in Pennsylvania.

The *Martocci* court held that the Pennsylvania courts do not have subject matter jurisdiction to entertain a petition to fix the fair market value of property located outside the Commonwealth. *Id.* at 487. It reasoned that where the DJA provides that "the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold," it referred to the court "where the sale of the property was held." *Id.* at 486 (quoting *Dearnley v. Survetnick*, 63 A.2d 66, 69 (Pa. 1949)). Thus, the DJA applies only to property located within Pennsylvania.

Certain other affirmative defenses must be stricken because they are inapplicable to this action and can be characterized as frivolous. The defendants assert in their First Affirmative Defense that "Farm Credit's claims in the Complaint are barred, in whole or in part, by the doctrines of unclean hands, waiver, promissory estoppel, equitable estoppel and/or judicial estoppel, offset, lack of consideration and/or failure of consideration, and accord and satisfaction." These defenses are set forth in conclusory language without any

5

factual averments. Some of them are equitable defenses that are not available in this contract action. Without determining whether affirmative defenses are subject to the *Twombly-Iqbal*[1] pleading standard, we find no basis in the defendants' pleading to support them.

Similarly, in their tenth, eleventh and twelfth affirmative defenses, the defendants raised defenses that do not arise in a contract action. They are defenses asserted in a personal injury action. They are not available in this case. They will be stricken.

## Conclusion

The DJA expressly applies only to property located in Pennsylvania. Therefore, because it is inapplicable in this case, the defenses raising it, as well as the frivolous affirmative defenses, will be stricken.

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 540 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).